Diane CASTANO, et al.

v.

The AMERICAN TOBACCO COMPANY, et al.

Civ. A. No. 94–1044.

United States District Court, E.D. Louisiana.

Dec. 18, 1995.

Daniel E. Becnel, Jr., Becnel, Landry & Becnel, Reserve, LA, Joseph M. Bruno, Bruno & Bruno, New Orleans, LA, Wells Talbot Watson, Baggett, McCall & Burgess, Lake Charles, LA, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA, Calvin Clifford Fayard, Jr., Donna Unkel Grodner, Fayard, Harris & Honeycutt, Denham Springs, LA, Michael X. St. Martin, St. Martin, Lirette, Shea, Watkins & McNabb, Houma, LA, George Febiger Riess, Monroe & Lemann, Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, New Orleans, LA, Daniel G. Abel, Wendell H. Gauthier, Dana Kim Cormier, Gauthier & Murphy, Metairie, LA, Edwin Rene Murray, Edwin R. Murray & Associates, New Orleans, LA, Carter & Cates, Peter Joseph Butler, Peter J. Butler, Jr., Locke, Purnell, Rain & Harrell, P.C., New Orleans, LA, Elizabeth J. Cabraser, Richard M. Heimann, Robert Lieff, Lieff, Cabraser & Heimann, San Francisco, CA, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, John (Jack) Brown Baldwin, Scott Baldwin, Baldwin & Baldwin, Marshall, TX, Bettye Anne Barrios, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, Louie J. Roussel, III, Louie J. Roussel, III, Metairie, LA, Bruce C. Dean, Bruce C. Dean, New Orleans, LA, Perry Weitz, Perry Weitz, New York City, Melvin Belli, Melvin Belli, San Francisco, CA, Margaret Moses Branch, Turner Branch, Branch Law Firm, Albuquerque, NM, John P. Coale, Coale, Allen & Van Susteren, Washington, DC, Ralph Irving Knowles, Jr., Kenneth S. Canfield, Doffermyre, Shields, Canfield & Knowles, Atlanta, GA, Andrew W. Hutton, Mark B. Hutton, Michaud, Hutton & Bradshaw, Wichita, KS, Richard Alexander, The Alexander Firm, San Jose, CA, Stanley M. Chesley, Sherrill P. Hondorf, Waite, Schneider, Bayless & Chesley, L.P.A., Cincinnati, OH, Gayle L. Trout-

wine, Jeffrey S. Merrick, Williams & Troutwine, Portland, OR, Robert D. Greenbaum, Myles H. Malman, Kohn, Nast & Graf, Philadelphia, PA, John P. Kopesky, Sheller, Ludwig & Badey, Philadelphia, PA, Michael L. Williams, Williams & Troutwine, Portland, OR, Stephen Barnett Murray, Murray Law Firm, New Orleans, LA, Richard A. Daymard, Northeastern University School of Law, Boston, MA, Jodi W. Flowers, Susan Nial, Charles W. Patrick, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, Francis H. Hare, Jr., Attorneys Information Exchange Group, Inc., Birmingham, AL, Ronald L. Motley, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, John R. Climaco, Michael V. Kelley, Jack D. Maistros, Shannon P. Haggerty, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH, John Bologna Krentel, John B. Krentel, Atty. at Law, Metairie, LA, for plaintiffs Diane Castano, Ernest Perry, George Solomon.

Robert E. Winn, Joy Goldberg Braun, Sessions & Fishman, New Orleans, LA, Bruce G. Sheffler, Chadbourne & Parke, New York City, for defendant American Tobacco Co.

Steven W. Copley, John Mason McCollam, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, Gary R. Long, Shook, Hardy & Bacon, Kansas City, MO, for defendant Lorillard Inc.

John Mason McCollam, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Gary R. Long, Shook, Hardy & Bacon, Kansas City, MO, for Lorillard Tobacco Co.

Charles Fenner Gay, Jr., Scott Edward Delacroix, Thomas J. Wyllie, Adams & Reese, New Orleans, LA, Gary R. Long, Allen Rennie Purvis, Shook, Hardy & Bacon, Kansas City, MO, for defendant Phillip Morris Inc.

Stephen H. Kupperman, Phillip A. Wittmann, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, LA, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for defendant RJR Nabisco, Inc.

Stephen H. Kupperman, Phillip A. Wittmann, S. Ann Saucer, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, LA, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Theodore M. Grossman, Paul G. Crist, Hugh R. Whiting, Mark A. Belasic, Jones, Day, Reavis & Pogue, Cleveland, OH, for defendant R.J. Reynolds Tobacco Co.

John Jerome Weigel, Joseph Jacob Lowenthal, Jr., Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, James V. Kearney, Francis K. Decker, Jr., Mudge, Rose, Guthrie, Alexander & Ferdon, New York City, for defendant Liggett Group Inc.

Charles L. Chassaignac, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for defendant R.J. Reynolds Tobacco Co., Inc.

Robert E. Winn, Joy Goldberg Braun, Sessions and Fishman, New Orleans, LA, for defendant American Brands Inc.

Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Griffin B. Bell, King & Spaulding, Atlanta, GA, for defendant Brown & Williamson Tobacco Corp.

Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for defendants Batus Holdings Inc., Batus Inc.

John Jerome Weigel, Joseph Jacob Lowenthal, Jr., Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for defendant Liggett & Myers Inc.

Charles W. Schmidt, III, Christovich & Kearney, New Orleans, LA, for defendant United States Tobacco Co.

Alan Harry Goodman, Thomas Mente Benjamin, Lemle & Kelleher, Morris H. Hyman, Atty. at Law, New Orleans, LA, for Tobacco Institute, Inc.

Suzanne V. Foulds, New Orleans, LA, pro se.

Robert H. Walker, Bronx, NY, pro se.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is Plaintiffs' "Motion for Modification of Discovery Order of June 23, 1995," which was taken under submission on briefs only without oral argument on an expedited basis. Having considered the memoranda and argument of the parties, the record and the applicable law, the Court DENIES the motion.

### Background

As recounted in the "Order and Reasons" modifying the stay in this matter,[1] plaintiffs Ernest R. Perry Sr., T. George Solomon Jr. and Diane Castano, wife of Peter Castano, filed suit alleging numerous causes of action based on defendants' alleged denial and concealment of the addictive nature of nicotine in cigarettes and defendants' alleged control and manipulation of nicotine in cigarettes to create and sustain addiction.[2] The causes of action are fraud and deceit, negligent misrepresentation, intentional infliction of emotional distress, negligence and negligent infliction of emotional distress, violation of consumer protection statutes, breach of express warranty, breach of implied warranty, strict product liability, and redhibition. The plaintiffs also sought class certification. Defendants are various tobacco companies[3] as well as the Tobacco Institute, Inc.

The Court conditionally certified a class action in this matter in February of this year,[4] and the Court later granted the defendants' motion for certification of an interlocutory appeal of the class certification issue.[5] In its "Order and Reasons" granting certification of the interlocutory appeal, the Court stayed this matter pending a ruling by the Fifth Circuit Court of Appeals.[6]

Plaintiffs then sought modification of that stay order, contending that the named plaintiffs would proceed with this action even if the Court of Appeals were to deny certification.[7] Hence, plaintiffs argued, among other things, that to put the entire case on hold was unfair.

The Court granted plaintiffs' motion over defendants' objection but limited discovery to that relative to plaintiffs' cases.[8] The Court stated: "Any such discovery shall be *narrowly tailored* to the plaintiffs' cases."[9] As to the extent of discovery, the Court found that fairness dictated that plaintiffs be allowed to proceed with formal discovery in the following areas identified by plaintiffs' counsel at oral argument of the motion to modify the stay:

1) document discovery, both from defendants and third parties;

2) emergency depositions of persons in ill health or of advanced age who may have knowledge properly discoverable; and,

3) discovery relative to documents and other discovery produced in other cases.[10]

As to investigation outside of formal discovery, *i.e.*, the conducting of interviews with employees and/or former employees of defendants, the Court allowed proceedings on that issue to continue before the Magistrate Judge.[11] Following the Magistrate Judge's issuance of her ruling on this issue,[12] the Court upheld her guidelines.[13] In that ruling, the Court upheld the restriction against

---

1. R.Doc. 353.

2. Plaintiff Solomon has since withdrawn from the lawsuit. (R.Doc. 381.)

3. These are: The American Tobacco Company, Inc.; R.J. Reynolds Tobacco Company; Brown & Williamson Tobacco Corporation; Phillip Morris, Inc,; Liggett & Myers, Inc.; Lorillard Tobacco Company, Inc.; United States Tobacco Company; and their various parent and related companies.

4. R.Doc. 269.

5. R.Doc. 322.

6. *Id.* at 9–10.

7. R.Doc. 333.

8. "Order and Reasons," p. 5. (R.Doc. 353.)

9. *Id.* at 5–6.

10. *Id.* at 6.

11. *Id.* at 6–7.

12. R.Doc. 361.

13. R.Doc. 402.

plaintiffs' *ex parte* contact of former employees who were officers, directors or high-level managing agents of any defendant or who was so situated during their employment that any statement by that employee would be construed as an admission against such defendant.[14] However, the Court noted that the guidelines did not prohibit plaintiffs from deposing any person who fell within the guidelines or objecting to their inclusion under the umbrella of the guidelines.[15]

In the instant motion, plaintiffs seek to participate in the ongoing deposition of Dr. Jeffrey Wigand, former head of research and development of defendant Brown & Williamson Tobacco Corporation from 1989 to 1993, who allegedly is in a unique position to shed light on issues of industry awareness of nicotine addiction, nicotine-level manipulation and alternation/destruction of documents. Dr. Wigand's deposition testimony is presently being taken in two other lawsuits filed against the tobacco industry, one by the Attorney General of the State of Mississippi and the other a wrongful death suit brought by an individual. A Mississippi court has sealed the deposition, which apparently prevents plaintiffs from making use of it in this case. Additionally, the deposition has already started, but it was recessed and is scheduled to resume on December 20, 1995.[16]

Plaintiffs contend that Dr. Wigand is a high school teacher in Kentucky and that his current employment would be jeopardized if he were frequently required to appear for multiple depositions and, as a result, be absent from his job. Plaintiffs also contend that there is a "very real risk" that Dr. Wigand may not be available for deposition in the future in this case or for trial. However, plaintiffs do not specifically identify this risk. Finally, plaintiffs contend that it is unfair that defendants are able to participate in this deposition but plaintiffs are not, although plaintiffs concede that several of their counsel are also counsel for plaintiffs in the suits in which Dr. Wigand is being deposed. Further, plaintiffs argue that defendants are

trying to harass Dr. Wigand and prevent him from testifying through various legal efforts.

Although plaintiff's motion is styled as one to modify the limited stay in place as to discovery, plaintiffs also seek to have Dr. Wigand exempted from the Court's order upholding the Magistrate Judge's guidelines as to contact with former employees.

In opposition, defendants, *i.e.*, the various tobacco companies who are defendants, contend that there is no emergency mandating that Dr. Wigand be deposed now in this case because he is not "in ill health or of advanced age," quoting the Court's order permitting limited discovery. Defendants submit that plaintiffs can depose Dr. Wigand in the future as to any non-privileged, legally discoverable information, and, further, that they are not harassing Dr. Wigand but only seeking to enforce a confidentiality agreement into which he entered. Defendants also maintain that the guidelines as to *ex parte* contact with former employees should not be changed.

### Law and Application

### I. Modification of Stay

■ As set forth in the previous ruling modifying the stay, a trial court has inherent power " 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.' " *Itel Corporation v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 202–03 (5th Cir.1983), *quoting Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir.1977). The decision whether to stay a matter is within the sound discretion of the district court. *Itel Corporation*, 710 F.2d at 202. In making this determination, the district court "must consider which side will bear the greater and less remedial burden from delay." *Id.* at 203.

■ Several courts have used the term "immoderate" in gauging the propriety of a stay already entered. Whether a stay is "immoderate" is "a function of two variables—the scope of the stay, and the reasons

---

**14.** *Id.* at 7–8.

**15.** *Id.* at 8.

**16.** Thus, the need for expedited consideration of plaintiffs' motion.

cited for ordering it." *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir.1976). *See also Landis v. North American Co.*, 299 U.S. 248, 257, 57 S.Ct. 163, 167, 81 L.Ed. 153 (1936) ("stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits").

■ As set forth above, this Court stayed this matter pending interlocutory appeal except for discovery narrowly tailored to plaintiffs' cases, and the extent of that discovery was limited to document discovery, "emergency depositions of persons in ill health or of advanced age" and discovery relative to documents and other discovery produced in cases. The Court finds that plaintiffs have failed to show the need for Dr. Wigand's deposition based upon the second area of discovery permitted. There is no showing that Dr. Wigand is of advanced age or in ill health. Plaintiffs state that there is a "very real risk" that Dr. Wigand may not be available for deposition later, but they do not identify this risk. Finally, Dr. Wigand's schedule as a high school teacher does not, on its face, indicate that plaintiffs cannot depose him at some later date.

Neither does the fact that defendants are participating in this deposition as defendants create an issue of fundamental fairness such that plaintiffs should be able to participate. Plaintiffs are not parties to those other lawsuits; defendants are. The fact that the defendants have been sued in other cases does not automatically grant plaintiffs the right to participate in depositions in other cases.

Simply put, plaintiffs have failed to show that the stay on discovery in this case, as presently crafted, is "immoderate" because they cannot participate in Dr. Wigand's deposition in totally separate cases where a court has sealed the deposition testimony.[17]

## II. Exemption of Dr. Wigand from Restrictions on Plaintiffs Contact with Defendants' Former Employees

■ Other than a general statement that the Court's prior order affirming the guidelines covering contacts with former employees is "contrary to the overwhelming weight of authority,"[18] plaintiffs do not directly challenge the Court's guideline ruling. Instead, plaintiffs request that this Court exempt Dr. Wigand from the restrictions on *ex parte* contact with former employees of defendants because he has given interviews to others, including the Department of Justice, the Attorney General of Mississippi, the FTC, a member of Congress, CBS and Brown & Williamson. Further, plaintiffs also point out that Dr. Wigand is scheduled to testify this month before federal grand juries in New York and Washington, D.C. Because he has talked with "virtually everyone involved in cigarette litigation except Plaintiffs' counsel in *Castano*," plaintiffs contend that they should be allowed to interview Dr. Wigand.[19]

However, the fact that Dr. Wigand may have given interviews to others does not, in and of itself, provide a basis for this Court to except Dr. Wigand from the previously approved guidelines. Further, plaintiffs have not shown that Dr. Wigand's interviews with others exempt him from the guidelines because, for example, he has revealed information into the public domain that constitutes an admission.[20]

---

**17.** In a footnote, plaintiffs also point out that Dr. Wigand may have information as to Brown & Williamson's destruction of documents in violation of this Court's order not to alter or destroy documents. Plaintiffs' memorandum in support, p. 4, n. 1. (R.Doc. 463.) However, as plaintiffs note, Dr. Wigand's knowledge only extends to his termination in March 1993; this lawsuit was not filed until 1994. Thus, plaintiffs have failed to show that Dr. Wigand has direct knowledge of defendants' alleged violation of this Court's order.

**18.** Plaintiffs' memorandum in support, p. 5, n. 2. (R.Doc. 463.)

**19.** *Id.* at 6.

**20.** The Court uses this only as an example and does not imply that it invites motions on this issue or that, if such motions were filed, they would necessarily be granted. Nor does the newspaper story that plaintiffs attach as Exh. C to their motion establish that any admission by Dr. Wigand is in the public domain. In addition to the fact that the newspaper story appears to be double hearsay since it is based on a transcript of the alleged CBS interview of Dr. Wigand, the statements attributed to Dr. Wigand do not constitute admissions relevant to this case. Dr. Wigand allegedly made statements as to a "safer cigarette" and the use of a cancer-causing addi-

Plaintiffs also have failed to establish that Dr. Wigand was not a high-level managing agent of Brown & Williamson or a person so situated that his former employment makes him a person whose statement would not be considered an admission. Indeed, if he fit either· of those categories, then Brown & Williamson's interview of Dr. Wigand may not have been out of the ordinary.

As to Dr. Wigand's interviews with any other parties, the Court can only state that those parties are not covered by this Court's orders. Finally, it goes almost without saying that any testimony before a grand jury is, in and of itself, subject to a general rule of secrecy. Fed.R.Cr.P. 6(e)(2). Hence, the fact that Dr. Wigand may testify before any federal grand juries is not a factor in the Court's decision. In summary, plaintiffs have not shown why Dr. Wigand should be excluded from guidelines controlling plaintiffs' contact with former employees of defendant tobacco companies.[21]

III. Conclusion

Plaintiffs have failed to establish sufficient reasons through a showing of specific facts and circumstances for this Court to alter its previous order modifying the stay on discovery pending appeal of the class certification issue. Until that time, the parameters of limited discovery set forth in the Court's earlier ruling will remain in force and effect. Hence, plaintiffs are not allowed to participate in Dr. Wigand's deposition.

For the same reason, the Court will not parse out Dr. Wigand from this Court's recognized guidelines on *ex parte* contact with former employees of defendants.

Accordingly,

IT IS ORDERED that plaintiffs' "Motion for Modification of Discovery Order of June 23, 1995," is DENIED.

tive in cigarettes. The Court finds this first statement too vague to relate to plaintiffs' present allegations and the second statement totally unrelated to plaintiffs' contentions as they do not claim personal injuries. The only statement cited in the newspaper article that, at first glance, appears to be related to plaintiffs' claims is that Brown & Williamson's chief executive officer perjured himself in testimony before Congress as to the addictive nature of nicotine. However, analysis of the newspaper article reveals that this is a statement by the author of the article, not a quote from Dr. Wigand's interview with CBS. The only direct quote in the article is that Dr. Wigand believed that the CEO perjured himself and that the CEO knew that cigarettes were "a delivery device to nicotine." *Id.* This does not state that nicotine is addictive.

21. Both sides also make indirect accusations that certain of plaintiffs' attorneys or that attorneys representing defendant Brown & Williamson may have conflicts of interest and/or may have violated the Court's previous order as to contact with former employees. Because this issue is not squarely before the Court, and because it is immaterial to the Court's decision, the Court will not address it.